JESSE L. WALLACE *v.* JOHN WALLACE.

**Wills—Conditions Annexed to Devise—Failure to Perform—Forfeiture.**
Where a condition is annexed to a devise, a failure by the devisee to comply with it will work a forfeit to his right to claim the property so bequeathed.

APPEAL FROM PENDLETON CIRCUIT COURT.

March 29, 1872.

OPINION BY JUDGE LINDSAY:

John Wallace bases his right to the fifty acres of land adjudged him by the court below upon his alleged compliance with the conditions annexed by his father to the devise under which he claims title.

The proof conduces to show that he did take care of the two women for about two years, possibly as long as three years, but

it is shown beyond doubt that after that time he made no provision for them whatever.

The testimony of the administrator, Edward Wallace, is entitled to but little weight. In the petition filed by him in August, 1848, but a little over one year after his father's death, he charged that John had utterly failed and refused to provide for and take care of the two women. In his deposition given in this case he states that at the time this bill was filed the women were both living with him. The pretense that John had made arrangements with him to take care of them is a mere after thought, a device trumped up for the purposes of this suit, which fact Edward demonstrates upon his cross-examination. John has never paid him a cent on such account, and it was never contemplated, prior to the institution of this suit that he should. The presumption that Edward was acquainted with the contents of a bill in equity filed by himself, is not to be rebutted by his statements to the contrary made twenty years afterwards. The fact that John failed for twenty years to assert claim to the land, although he was in needy circumstances during all that time, is a confession by him that he had failed and refused to perform the condition annexed to the devise and had voluntarily abandoned all claim to the land.

Feeling assured that the claim asserted in this suit is not only stale, but unfounded, we are of opinion that the chancellor erred in granting the relief prayed for.

The judgment is reversed and the cause remanded with instructions to dismiss appellee's petition.

*Simon, McManana, for appellant.*

*C. H. Lee, for appellee.*